JS 44 (Rev. 08/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff **Santa Fe County**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Carl Hans Muller, NMSURF, 1308 Apache Ave. Santa Fe, NM 87505, 505-478-7525

Attorneys *(If Known)*
Kelley Brennan, City Attorney, City of Santa Fe, PO Box 909, Santa Fe, NM 87504, 505-955-6512

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 840 Trademark | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
**47 USC 253**
Brief description of cause:
Unauthorized barrier to entry of public right-of-way

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 4,500,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE
DOCKET NUMBER

DATE: 03/20/2017
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
 (b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
 (c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

CNSP, INC., D/B/A NMSURF,

    Plaintiff,

v.                               Case No.

CITY OF SANTA FE,         Jury Trial Demanded

    Defendant.

## COMPLAINT FOR DECLATORY JUDGMENT, INJUNCTIVE AND OTHER RELIEF

COMES NOW CNSP, Inc., dba NMSURF ("NMSURF"), by and through their attorney Carl Hans Muller, and for their Complaint against the City of Santa Fe ("City") state as follows;

## I. COMPLAINT

Plaintiff NMSURF alleges;

1. This action is brought to enforce the provisions of 47 U.S.C. § 253, Fifth Amendment Equal Protection Clause of the US Constitution, Section 18 of the New Mexico Constitution, and Article IX. Section 14 of the New Mexico Constitution against the City of Santa Fe due to illegal and intentional actions that the City of Santa Fe has placed upon Plaintiff in seeking public right-of-way access. Plaintiff applied for Public Right of Way (PROW) access in January of 2015 under the City's Chapter 27 - Telecommunications in the Public Right of Way for purposes of creating an Intrastate Wireline Fiber to The Home/Business Telecommunications Network. The City amended Chapter 27 in January of 2017 after this court pre-empted certain provisions of Chapter 27 in 2015. The City has delayed and prohibited Petitioner's application

for PROW access, thereby harming Plaintiff's intrastate wireline business costing NMSURF millions of dollars in lost revenue, thousands of dollars in fees spent on engineering services, surveys, and equipment and denying the citizens of Santa Fe Fiber to the Home and Business Gigabit capabilities. These actions constitute a violation of the Equal Protection Clauses of the US and New Mexico Constitutions and 47 U.S.C. § 253. The court should pre-empt and invalidate all sections of Chapter 27 of the City of Santa Fe Code challenged here. In March of 2014, the City of Santa Fe granted another local provider, Cybermesa Inc., PROW Access and donated $1,000,000.00 to the company for the purposes of creating a one mile fiber line to allegedly lower the costs of other Internet Providers in the City; however, no other providers have access to this line due to cost and proximity. These actions constitute a violation of the Anti-Donation Clause of the New Mexico Constitution and Equal Protection clauses of the US and New Mexico Constitutions and The Telecommunications Act of 1996 and its related additions.

## II. PARTIES

2. The City of Santa Fe is a municipality organized and incorporated pursuant to the laws of the State of New Mexico.

3. CNSP, Inc., dba NMSURF is a New Mexico Corporation and State Regulated Competitive Local Exchange Carrier.

## III. JURISDICTION AND VENUE

4. The Court has federal question jurisdiction over this action under 28 U.S.C. § 1331 and 47 U.S.C. §253. The Court has authority to issue declaratory and other relief pursuant to 28 U.S.C. §§ 2201-02.

5. Venue is proper in the United States District Court for the District of New Mexico pursuant to 28 U.S.C. § 1391(b) as the City is located in this District, the rights-of-way at issue are in this District, and all or a substantial part of the events or omissions giving rise to this cause of action took place in this District.

## IV. ALLEGATIONS

6. In 1996 Congress enacted The Telecommunications Act of 1996. The Act contained 47 U.S.C. § 253 - Removal of Entry to Barrier as the federal law regulating PROW for local and state governments.

7. Chapter 27 of The City of Santa Fe City Code defines Telecommunications Facilities Authorized in the PROW.

8. In 1998, the City enacted an amendment to its City Code pertaining to the regulation of telecommunications facilities in the PROW, Chapter 27 SFCC 1987 ("1998 Ordinance").

9. The 1998 Ordinance required a site-specific lease for every telecommunications facility placed in a City right-of-way.

10. The U.S. District Court subsequently struck down the fee structure of the 1998 Ordinance ruling that the fees were excessive and therefore an effective prohibition on the provision of telecommunications services.

11. The U.S. District Court further stated the fee structure of the 1998 Ordinance violated Section 253 of the Telecommunications Act of 1996.

12. In 2010, The City revised Chapter 27 SFCC 1987 by enacting Ordinance No. 2010-14 ("2010 Ordinance").

13. The 2010 Ordinance imposed a franchise fee instead of a site-specific lease and leasing fees on telecommunications networks located in the PROW.

14. The 2010 franchise fee amounted to three percent (3%) of the telecommunications provider's gross revenue from the provider's services to customers served from facilities located in the PROW excluding internet services.

15. In 2013, the U.S. District Court for the District of New Mexico rejected the new fee structure stating the same reason it had for the 1998 Ordinance in that the fee was an effective prohibition on the provision of telecommunications services.

16. In Qwest Corporation v. City of Santa Fe, US District Court of New Mexico, No. 10-CV-00617-RB-KBM, the court stated that the City of Santa Fe's Ordinance violated 47 U.S.C § 253 and the Court declared that Sections 27-2.3 (defining "Gross Revenue") and 27-2.5(A) (regarding "fees and charges") of the 2010 Ordinance were preempted by 47 U.S.C. § 253 and considered severed.

17. On March 6th, 2014, The City entered into a professional services agreement with Cybermesa Inc., a private corporation, which granted them Public Right of Way access.

18. The March 6th, 2014 agreement with CyberMesa Inc. stated a project compensation payable to CyberMesa Inc. of eight hundred eighty-two dollars thousand one hundred dollars ($882,100.00).

19. The March 6th, 2014 agreement with CyberMesa Inc. granted CyberMesa the right to retain any revenue received by CyberMesa from delivery and performance of the

telecommunications services from the project and entitled them to receive further compensation from any telecommunications provider being served by the project.

20. In January of 2015, NMSURF applied for public-right-of-way entry in accordance with Chapter 27 of the City Code.

21. On January 16th, 2015, the City accepted NMSURF's application . See **Exhibit 1**. Per the City Attorney, the Application fee of $2,500.00 was not applicable.

22. The draft ordinance granting the requested franchise was never presented to the Governing Body for deliberation and enactment.

23. On November 9, 2016 the City enacted Ordinance No. 2016-42 to revise Chapter 27 SFCC 1987 ("2016 Ordinance").

24. The 2016 Ordinance changed the gross revenue fee from three percent (3%) in the 2010 Ordinance to two percent (2%) for all telecommunications services, including wireless telecommunications, internet, and telephone services that are sold to Santa Fe residences.

25. The 2016 Ordinance gross revenue fee is not limited to revenue derived from customers served from facilities located in the PROW, but from all customers located in the City of Santa Fe of the telecommunications provider.

26. The City has not processed PROW agreements for multiple telecommunications providers since the course and time period of the Qwest litigation thereby prohibiting PROW access to providers.

27. Per Chapter 27 of the City Code, a franchise agreement is required of any entity to obtain access to the PROW within the city of Santa Fe. Failure to obtain a Franchise Agreement comes with penalties and consequences to include municipal police powers against the directors of the companies violating the ordinance.

## V. FIRST CAUSE OF ACTION
### ( Violation of Telecommunications Act - Removal of Barriers to Entry - 47 U.S.C. § 253)

28. Plaintiff realleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

29. 47 U.S.C. § 253(a)(c) states:

(a) In GENERAL

"No State or local statute or regulation, or other State or local legal requirement, may prohibit or have the effect of prohibiting the ability of any entity to provide any interstate or intrastate telecommunications service."

(c) State and Local Government Authority

"Nothing in this section affects the authority of a State or local government to manage the public rights-of-way or to require fair and reasonable compensation from telecommunications providers, on a competitively neutral and nondiscriminatory basis, for use of public rights-of-way on a nondiscriminatory basis, if the compensation required is publicly disclosed by such government."

30. The Telecommunications Act prohibits a local or state statute or entity from prohibiting PROW access.

31. The City of Santa Fe has not acted on NMSURF's application since it was accepted on January 16th, 2015.

32. The City of Santa Fe's City Code Section 27-2.5(A) requires a 2% fee for all services terminated to an address in the City regardless if the wireline cable originates from a PROW or a private land utility easement.

33. The City of Santa Fe's City Code Section 27-2.4 provision gives the City Council the right to deny PROW access.

34. The City of Santa Fe's City Code Section 27-2.5 provision would charge Plaintiff a 2% gross charge fee for telecommunications services for all customers that reside in Santa Fe.

35. The City of Santa Fe does not charge the 2% gross charge fee to other telecommunications providers that are competitors in the marketplace to NMSURF. Centurylink is only required to pay 2% for all intrastate telephone calls originated in the City, but not for internet services it sells in the City. Comcast pays 5% for all cable television services, but not for internet services or telephone services. Cybermesa does not pay any gross charge fee per their professional services agreement with the City.

36. The City of Santa Fe's City Code Section 27-2.5(a) requires providers to keep records of all its books open for audit and inspection to the City of Santa Fe and is not limited only to the extent necessary to manage the PROW. This provision is unrelated to managing the PROW.

37. The City of Santa Fe's City Code Section 27-2.17 has the effect of prohibiting entry because the penalty provision of the ordinance is effectively regulating telecommunications contrary to the Telecommunications Act and is un-related to the managing of the PROW.

38. The City of Santa Fe's City Code Section 27-2.19(F) requires applicants to submit a separate application to the land use department which requires providers to provide maps of its proposed telecommunications services, locations of its facilities, any radio frequencies, and gaps

in coverage which is not limited to public land. This provision is un-related to the managing of the PROW.

39. The City of Santa Fe's City Code Section 27-2.19(G) has the effect of prohibiting entry because for each application submitted to the land use department, the City's ordinance requires a non-refundable application fee of two thousand five hundred dollars ($2,500) which is un-related to the managing of the PROW.

40. The City of Santa Fe's City Code has the effect of prohibiting entry because it requires a public notice of public review and planning commission approval which is un-related to the managing of the PROW.

41. The City of Santa Fe's City Code has the effect of prohibiting entry because the planning commission may deny a provider's application based on a coverage gap or for other reasons which is un-related to the managing of the PROW.

42. The City of Santa Fe's City Code has the effect of prohibiting entry because the provision of transferring a franchise goes beyond the boundaries of the Telecommunications Act because the City cannot turn away any provider to offer Telecommunications services within the PROW and this provision allows the City to reject a transfer.

43. Defendants' Chapter 27 City Code violations cause ongoing harm to NMSURF and should be invalidated and or pre-empted.

44. As a direct result of the City prohibiting PROW entry to allow NMSURF to build its intrastate wireline Fiber Optic Network for over 800 days, Plaintiff is losing ninety thousand dollars ($90,000.00) per month in revenues for Phase One development and additional revenues from further phase developments totaling four million five hundred thousand dollars ($4,500,000).

45. As a direct result of the City has prohibiting PROW entry to allow NMSURF to build its intrastate wireline Fiber Optic Network, Plaintiff has spent approximately $150,000.00 in equipment, engineering fees, and materials.

## VI. SECOND CAUSE OF ACTION
### (Violation of Fifth Amendment - Equal Protection-US Constitution)
### (Violation of Article II, Section 18-NM Constitution)

46. Plaintiff realleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

47. The Due Process Clause of the Fifth Amendment of the US Constitution and Section 18 of the New Mexico Constitution prohibits the City of Santa Fe from denying equal protection of the laws.

48. The City's actions are discriminatory because they have granted PROW access to other telecommunication companies and entities in the City and continue to do so while not acting on Plaintiff's application; thereby, denying Plaintiff equal protection in violation of the Equal Protection Clauses of the US and NM constitutions.

49. The City currently has granted Comcast, CenturyLink, and Cybermesa, all telecommunications companies, PROW access.

50. The City's current franchise ordinance is discriminatory and prohibitive because it attempts to collect a 2% gross fee charge from any new applicants desiring PROW access for any type of telecommunication service, to include internet service, wireless telephone, and wireless internet, but does not collect this fee from any other telecommunications provider it has granted PROW access.

51. CenturyLink currently sells intrastate telephone service and intrastate internet service via its wireline network in the City of Santa Fe. The City currently collects a 2% gross fee from CenturyLink for telephone intrastate fees that are originated from the City of Santa Fe, but does not collect for Internet Access.

52. Comcast currently sells cable television service and Internet service in the City of Santa Fe. The City currently collects a 5% gross revenue fee from Comcast for cable television service, but does not collect for Internet Access.

53. Cybermesa currently sells Internet Service from the one mile fiber line donated to it by the City of Santa Fe. The City does not collect any fees from Cybermesa after granting it PROW access in March of 2014.

54. Through their actions above, Defendant has violated the equal protection guarantee of the Fifth Amendment of the United States Constitution and Article II, Section 18 of the New Mexico Constitution.

55. Defendant's violation causes ongoing harm and loss of revenue to Plaintiff and harm to residents of Santa Fe.

## VII. THIRD CAUSE OF ACTION
(Violation of Article IX. Section 14 – NM Constitution)

56. Plaintiff realleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

57. Santa Fe City Council adopted Resolution 2011-67 on November 30th, 2011 authorizing a gross receipts tax revenue bond issue in the amount of twenty-two million dollars ($22,000,000).

58. Of the twenty-two million dollars ($22,000,000) authorized by Resolution 2011-67, one million dollars ($1,000,000) was allocated for broadband infrastructure.

59. Of the one million dollars ($1,000,000) allocated for broadband infrastructure, eight hundred eighty-two thousand one hundred dollars ($882,100.00) was allocated to the professional services agreement with Cybermesa. The remaining one hundred seventeen thousand nine hundred dollars ($117,900) remains unaccounted for, but for additional work on this project.

60. The professional services agreement with Cybermesa further donated two buffer tubes of twelve strands of fiber each to Cybermesa as part of the project.

61. The Antidonation Clause of The New Mexico Constitution prohibits donations to a public or private corporation or entity.

62. The City of Santa Fe violated the Antidonation clause because it donated $1,000,000.00 dollars in taxpayer monies to a private corporation, Cybermesa Inc., for the purpose of building a public-right-of-way fiber network.

63. The City of Santa Fe violated the Antidonation clause because it donates all profits from the resale of Internet Service from the public-right-of-way fiber network to a private corporation, Cybermesa Inc.

64. Defendant's violation causes ongoing harm to Plaintiff and Santa Fe citizens.

### VIII. PRAYER FOR RELIEF

65. Wherefore, Plaintiff prays that the Court:

   a. Declare that Chapter 27 of the City of Santa Fe Code or the violating sections are pre-empted, invalid, and are contrary to the Constitution, The Telecommunications Act, and laws of the United States;

b. Enjoin Defendant, its officers, and agents from implementing or enforcing Chapter 27 or the violating sections of the City of Santa Fe Code, pending orders from this court.

c. Pursuant to the Federal Rule of Civil Procedure 65(b)(2), set an expedited hearing within fourteen (14) days to determine whether the Temporary Restraining Order should be extended;

d. Award compensatory damages and all other appropriate monetary and equitable relief, including the value of lost revenue, to NMSURF, in an amount to be determined at trial in order to make NMSURF whole for the loss suffered as a result of the discriminatory conduct alleged in this complaint;

e. Award NMSURF any prejudgment interest on the amount of lost revenue determined to be due;

f. Declare the March 6th, 2014 agreement signed between Cybermesa, Inc. and The City of Santa Fe a violation of the Antidonation clause and invalidate any and all sections of the agreement determined to be in violation.

g. Declare that the City of Santa Fe's donation of $1,000,000.00 dollars and all profits of the sale of Internet Service from this network to Cybermesa, Inc., a private Corporation be paid back to the Citizens of Santa Fe.

h. Order the City to pay a forfeiture penalty or fine for each day of a continuing violation of the Telecommunications Act.

i. Order the City to institute policies, practices, and procedures to ensure compliance with PROW applications, including but not limited to implementing appropriate policies and training to all employees and officials regarding PROW under the Telecommunications Act.

j.  Award such additional relief as the interests of justice may require.

## IX. JURY DEMAND

62.  NMSURF hereby demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Carl Hans Muller
Attorney for the Plaintiff
1308 Apache Ave
Santa Fe, NM 87505
505-428-7525
carl@nmsurf.com

## CERTIFICATE OF SERVICE

I hereby certify that the above pleading was electronically filed through the Court's CM/ECF system, which caused the foregoing parties or counsel of record to be served electronically and/or mailed/emailed/faxed a true and correct copy of the above pleading to the following counsel/parties this 20th day of March 2017:

Kelley Brennan
City Attorney, City of Santa Fe
PO Box 909
Santa Fe, NM 87504
505-955-6512
kabrennan@santafenm.gov
Fax: 505-955-6748