IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CNSP, INC. D/B/A NMSURF,

    Plaintiff,

vs.                                                     Civ. No. 17-355 KG/SCY

CITY OF SANTA FE,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon "Plaintiff's Motion to Strike Defendant City of Santa Fe's Rule 12(b)(1) Motion to Dismiss, Motion to Dismiss Plaintiff's Claims for Violations of the New Mexico Constitution, and Motion to Dismiss for Failure to State a Claim" (Motion to Strike), filed April 13, 2017. (Doc. 17). Defendant filed a response on April 17, 2017, and Plaintiff filed a reply on April 19, 2017. (Docs. 19 and 20). Having considered the Motion to Strike and accompanying briefing, the Court denies the Motion to Strike.

A. *Relevant Procedural Background*

On March 22, 2017, Plaintiff served its complaint and summons on Defendant. (Doc. 6). Rather than serving an answer to the complaint within 21 days of being served the complaint and summons, Defendant filed three Fed. R. Civ. P. 12(b) motions to dismiss: one on March 28, 2017, and two on April 11, 2017. (Docs. 7, 13, and 14). *See* Fed. R. Civ. P. 12(b) (allows defendants to file a Rule 12(b) motion instead of filing answer).

In the first motion to dismiss (Motion to Dismiss One), Defendant moves for dismissal of the entire action under Rule 12(b)(1) asserting that the Court lacks federal subject matter jurisdiction. (Doc. 7). In the second motion to dismiss (Motion to Dismiss Two), Defendant

moves to dismiss state claims under Rule 12(b)(1), 12(b)(6) (failure to state a claim upon which relief can be granted), or Rule 12(b)(7) (failure to join an indispensable party). (Doc. 13). Finally, in the third motion to dismiss (Motion to Dismiss Three), Defendant moves to dismiss federal claims under Rule 12(b)(6). (Doc. 14).

*B. Discussion*

Plaintiff makes two arguments in support of its Motion to Strike. Plaintiff argues first that the Court should strike Motion to Dismiss Two and Motion to Dismiss Three under Rule 12(g)(2). Second, Plaintiff argues that the Court should dismiss all three motions to dismiss, which collectively total 46 pages, because D.N.M.LR-Cv 7.5 limits a motion to 27 pages.

*1. Rule 12(g)(2)*

Rule 12(g)(2) states:

Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under [Rule 12] must not make another motion under [Rule 12] raising a defense or objection that was available to the party but omitted from its earlier [Rule 12] motion.

Plaintiff correctly contends that Defendant's Rule 12(b) arguments in Motion to Dismiss Two and Motion to Dismiss Three were available to Defendant at the time Defendant filed Motion to Dismiss One. Defendant asserts, however, that Rule 12(g)(2) does not bar Motion to Dismiss Two and Motion to Dismiss Three, because those motions are excepted under Rule 12(h)(2) and (3).

Rule 12(h)(2) allows a defendant to raise a Rule 12(b)(6) defense of "[f]ailure to state a claim upon which relief can be granted" and a Rule 12(b)(7) defense of failure "to join a person required by Rule 19(b)" either in a Fed. R. Civ. P. 7(a) pleading, in a Rule 12(c) motion for judgment on the pleadings, or "at trial." Rule 12(h)(3) states that "[i]f a court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

2

*a. Defendant's Successive Rule 12(b)(1) Assertions*

Defendant raises Rule 12(b)(1) assertions of lack of subject matter jurisdiction in both Motion to Dismiss One and Motion to Dismiss Two. Rule 12(h)(3) clearly allows the Court to consider subject matter jurisdiction issues at any time. Hence, the Court may consider the Rule 12(b)(1) assertion raised in Motion to Dismiss Two.

*b. Defendant's Successive Rule 12(b)(6) Assertions*

Defendant raises Rule 12(b)(6) assertions of failure to state a claim upon which relief can be granted in Motion to Dismiss Two and Motion to Dismiss Three. Although Rule 12(h)(2) states that a party can raise successive Rule 12(b)(6) assertions in only three ways, i.e., in a Rule 7(a) pleading, in a Rule 12(c) motion for judgment on the pleadings, or "at trial," the Tenth Circuit has recognized that "district courts have struggled with the question of whether a party may raise a previously available argument in a successive motion to dismiss for failure to state a claim under Rule 12(b)(6) before first filing a responsive pleading." *Albers v. Bd. of Cty. Comm'rs of Jefferson Cty., Colo.*, 771 F.3d 697, 702 (10th Cir. 2014). The Tenth Circuit resolved this question by simply considering a successive Rule 12(b)(6) motion to dismiss as a Rule 12(c) motion for judgment on the pleadings. *Id.* at 704 (finding that defendant could have presented Rule 12(b)(6) argument in Rule 12(c) motion); *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1102 (10th Cir. 2017) (reasoning that district court's consideration of successive Rule 12(b)(6) "motion was proper under Rule 12(g)(2) and Rule 12(h)(2) because the court could have considered the motion as a motion for judgment on the pleadings under Rule 12(c)."). After all, courts evaluate a Rule 12(b)(6) motion to dismiss under the same standard that governs a Rule 12(c) motion for judgment on the pleadings. *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 n.2 (10th Cir. 2002) (citing *Atl. Richfield Co. v. Farm*

3

*Credit Bank*, 226 F.3d 1138, 1160 (10th Cir. 2000)). Rules 12(g)(2) and 12(h)(2), therefore, do not preclude the Court from considering Defendant's successive Rule 12(b)(6) assertions raised in Motion to Dismiss Two and Motion to Dismiss Three so long as the Court evaluates those assertions under Rule 12(c). *See In re Opus E., L.L.C.*, 480 B.R. 561, 569 (Bankr. D. Del. 2012) (finding that many courts permit "successive motions to dismiss to avoid unnecessary delays" because they believe "hypertechnical approach [to Rules 12(g)(2) and 12(h)(2)] does not make sense"); *F.T.C. v. Innovative Mktg., Inc.*, 654 F. Supp. 2d 378, 383–84 (D. Md. 2009) ("a permissive reading [of Rules 12(g) and 12(h)(2)] has been justified as comporting with the general spirit of the rules and as promoting the interests of efficiency").

    *c. Defendant's Rule 12(b)(7) Assertion*

Defendant raises its Rule 12(b)(7) assertion of failure to join an indispensable party for the first time in Motion to Dismiss Two. In the Tenth Circuit, "[t]he issue of indispensability, generally, is not waivable, and is one which courts have an independent duty to raise *sua sponte*." *Symes v. Harris*, 472 F.3d 754, 760 (10th Cir. 2006). In other words, "the issue of indispensability can be raised at any time." *Mescalero Apache Tribe v. State of N.M.*, 131 F.3d 1379, 1383 (10th Cir. 1997). Considering this Tenth Circuit law, the Court must analyze Defendant's Rule 12(b)(7) assertion raised in Motion to Dismiss Two.

In sum, Rule 12(g)(2) does not foreclose the Court from deciding Motion to Dismiss Two and Motion to Dismiss Three.

    *2. Violation of Local Rule 7.5*

As an initial matter, the Court notes that the Federal Rules of Civil Procedure do not provide for motions to strike motions, briefs, or memoranda. *Ysais v. New Mexico Judicial Standard Comm'n*, 616 F. Supp. 2d 1176, 1184 (D.N.M. 2009), *aff'd sub nom. Ysais v. New*

4

*Mexico*, 373 F. App'x 863 (10th Cir. 2010) (observing that Rule 12(f) applies only to striking material contained in pleading such as complaint, answer, counterclaim, or crossclaim). A court, nonetheless, has the discretion to strike a filing, including a motion, when it does not comply with local rules. *Id.* (citing among other cases *In re Hopkins,* 162 F.3d 1173, 1998 WL 704710, *3 n. 6 (10th Cir.) (holding that district court had discretion to strike party's briefs which "were non-complying")). Here, each individual motion to dismiss complies with the page limitations set forth in Local Rule 7.5. Following *Ysais*, the Court finds that Plaintiff's request to strike the three motions to dismiss for collectively violating Local Rule 7.5 is not well-taken.

IT IS ORDERED that "Plaintiff's Motion to Strike Defendant City of Santa Fe's Rule 12(b)(1) Motion to Dismiss, Motion to Dismiss Plaintiff's Claims for Violations of the New Mexico Constitution, and Motion to Dismiss for Failure to State a Claim" (Doc. 17) is denied.

_____
UNITED STATES DISTRICT JUDGE