IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CNSP, INC. D/B/A NMSURF,

    Plaintiff,

vs.                                                    Civ. No. 17-355 KG/SCY

CITY OF SANTA FE,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendant City of Santa Fe's Rule 12(b)(1) Motion to Dismiss (Motion to Dismiss), filed on March 28, 2017. (Doc. 7). As grounds for the Motion to Dismiss, Defendant City of Santa Fe (City) argues that Plaintiff CNSP Inc. d/b/a NMSURF's (NMSURF) claims were, or should have been, brought as compulsory counterclaims in a pending state action. On April 6, 2017, NMSURF filed an amended response. (Doc. 12). Having reviewed and considered the Motion to Dismiss and the amended response, the Court denies the Motion to Dismiss.

*A. Background*

    *1. The State Lawsuit*

In July 2016, the City filed suit in state court seeking a temporary restraining order, preliminary injunction, and permanent injunction against NMSURF to stop work on a cell tower. Ex. A (Doc. 7-1). The City alleges that NMSURF was building a cell tower without a building permit and that NMSURF failed to exhaust building permit appeal remedies. *Id.* at ¶¶ 27-96.

In response to the suit, NMSURF removed the case to federal court and then filed two counterclaims against the City. (Doc. 1) filed in Civ. No. 16-825 MCA/KBM. Plaintiff alleges

in its first counterclaim that the City has continually discriminated against NMSURF in violation of the equal protection clauses of the United States Constitution and New Mexico Constitution, and in violation of the federal Telecommunications Act (TCA). Ex. C (Doc. 7-1) at 15-17, ¶¶ 1-7. As an example of the discrimination, NMSURF describes how the City has failed to take action on NMSURF's franchise application for public rights-of-way (PROW) access to provide a fiber optic network. *Id.* at 16, ¶ 3. NMSURF contends in its second counterclaim that the City violated the federal Spectrum Act with respect to NMSURF's application to build a cell tower. *Id.* at 17-21, ¶¶ 8-16.

The federal court remanded the case back to state court for lack of federal jurisdiction. (Doc. 15) filed in Civ. No. 16-825 MCA/KBM. The state court then entered a preliminary injunction in favor of the City. Ex. F (Doc. 7-1). In an attempt to block the preliminary injunction, NMSURF filed with the New Mexico State Supreme Court an "Emergency Verified Petition for Writ of Mandamus and Request for Stay." Ex. G (Doc. 7-1). In that pleading, Plaintiff alleges that the City violated the TCA and discriminated against Plaintiff by failing to grant it a franchise for PROW access in order to provide a fiber optic network. *Id.* at 14. The New Mexico Supreme Court denied the petition for a writ of mandamus and request for stay. Ex. H (Doc. 7-1). Shortly thereafter, the state court entered a stipulated order dismissing Plaintiff's first counterclaim without prejudice. Ex. I (Doc. 7-1). The state case remains pending.

  2. *The Present Federal Lawsuit*

Plaintiff sued the City in this Court on March 20, 2017. (Doc. 1). In the First Cause of Action, Plaintiff alleges that the City is violating the TCA by prohibiting Plaintiff access to the PROW to install a fiber optic network. In the Second Cause of Action, Plaintiff alleges that the

City's favorable actions toward other telecommunications companies violates the Fifth Amendment due process clause of the United States Constitution and Article II, Section 18 of the New Mexico Constitution by denying Plaintiff equal protection of the law. Finally, in the Third Cause of Action, Plaintiff alleges the City violated Article IX, Section 14 of the New Mexico Constitution, the Anti-Donation Clause, by entering into a professional services agreement with Cybermesa and donating it a fiber optic line.

*B. Discussion*

When a defendant in a federal lawsuit argues that the plaintiff should have brought its claims as compulsory counterclaims in a prior state lawsuit, the federal court "look[s] to state law to determine if a claim is a compulsory counterclaim, and, if so, the effect of a failure to raise such a claim." *Valley View Angus Ranch, Inc. v. Duke Energy Field Servs., Inc.*, 497 F.3d 1096, 1100 (10th Cir. 2007). Similar to Fed. R. Civ. 13(a)(1), the New Mexico compulsory counterclaim rule states:

> A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

Rule 1-013(A), NMRA 1998.[1] If a party fails to assert and litigate compulsory counterclaims in a prior action as required by Rule 1-013(A), those claims are deemed abandoned and that party cannot raise those claims in a later action. *Slide–A–Ride of Las Cruces, Inc. v. Citizens Bank of Las Cruces*, 1987–NMSC–018, ¶ 14, 105 N.M. 433 (holding that prior compulsory counterclaims not asserted and litigated in prior action are deemed abandoned).

---

[1] The Court notes that in New Mexico the issue of compulsory counterclaims is distinct from the issue of *res judicata*. *Adams v. Key*, 2008-NMCA-135, ¶ 15, 145 N.M. 52 ("The failure of a party to raise a compulsory counterclaim in a prior suit is fatal to bringing that claim in a subsequent suit" regardless "of *res judicata* principles").

3

New Mexico courts utilize a "logical relationship" test to decide if a claim in a second lawsuit "arises out of the transaction or occurrence that is the subject matter of the" first lawsuit and, therefore, is a compulsory counterclaim. *Adams,* 2008–NMCA–135 at ¶ 18. "A logical relationship will be found if both the claim [in the first lawsuit] and the counterclaim[, the claim in the second lawsuit,] have a 'common origin' and 'common subject matter.'" *Id.* at ¶ 19 (quoting *Brunacini v. Kavanagh,* 1993–NMCA–157, ¶ 21, 117 N.M. 122). "[T]he logical-relationship test does not rest on the substantive law that governs the different claims, but rather on whether the claims arise out of the same transaction or series of transactions." *Brunacini,* 1993–NMCA–157 at ¶ 20.

Here, the City's claims in the state case concern a building permit to erect a cell tower. In this federal case, NMSURF's claims arise from the City's failure to act on NMSURF's franchise application to allow it access to the PROW to install a fiber optic network. These claims do not have a common origin in that they arise from two separate applications: one for a building permit and the other for a franchise. Moreover, the subject matter in the state case involves whether Plaintiff followed the necessary city process to obtain a building permit while the subject matter in this lawsuit involves the City's failure to act on a franchise application. As such, the state lawsuit and this federal lawsuit also do not have a common subject matter.

The Court notes that although Plaintiff raised a PROW franchise claim in its first state counterclaim and later raised that claim in a petition for mandamus and stay before the New Mexico Supreme Court, those actions do not affect the logical relationship test which focuses on the City's claims in the state lawsuit and NMSURF's subsequent claims in this lawsuit. *See* Rule 1-013 (A) (compulsory claim is one that "arises out of the transaction or occurrence that is the <u>subject matter of the opposing party's claim</u>") (emphasis added); *Adams,* 2008–NMCA–135 at ¶

4

19 (stating that logical relationship is found if defendant's claim in first lawsuit and plaintiff's claim in second lawsuit "have a 'common origin' and 'common subject matter'"). Moreover, the City admits in a filing in the state lawsuit that NMSURF's counterclaims were "permissive counterclaims (which could be filed as a separate lawsuit) …." (Doc. 12-1) at 1.

For all of the foregoing reasons, the Court concludes that no logical relationship exists between the City's cell tower building permit claims in the state lawsuit and NMSURF's PROW franchise claims in this lawsuit. Hence, NMSURF's claims in this lawsuit do not meet Rule 1-013(A)'s requirement that a claim in the second lawsuit "arise[] out of the transaction or occurrence that is the subject matter of the opposing party's claim." NMSURF, therefore, was not obligated to raise its claims in this lawsuit as compulsory counterclaims in the state lawsuit. The City's Motion to Dismiss, thus, fails.

IT IS ORDERED that Defendant City of Santa Fe's Rule 12(b)(1) Motion to Dismiss (Doc. 7) is denied.

_____
UNITED STATES DISTRICT JUDGE