IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**CNSP, INC. d/b/a NMSURF,**

    **Plaintiff,**

    vs.                                        Civ. No. 17-355 KG/SCY

**ALAN M. WEBBER, RENEE VILLAREAAL, SIGNE I. LINDELL, PEER IVES, CAROL ROMERO-WIRTH, CHRIS RIVERA, ROMAN ABEYTA, MICHAEL HARRIS, JOANNE VIGIL COPPLER, in their official capacities as mayor and city council members of the City of Santa Fe,**

    **Defendants.**

## ORDER ON MOTIONS TO COMPEL

This matter comes before the Court on Defendant City of Santa Fe's Motion to Compel (Doc. 111) and Plaintiff's Motion to Compel (Doc. 112). This case involves a dispute over the Telecommunications Act of 1996 and the City of Santa Fe's franchise ordinance. Having considered both sides' motions to compel and all relevant authority, the Court denies Defendant's motion and grants Plaintiff's motion.

## BACKGROUND

In his Memorandum Opinion and Order on Defendants' Motion to Dismiss (Doc. 94), Judge Gonzales laid out the background of this case, which the Court repeats in part to provide context for the requested discovery.

> The Telecommunications Act of 1996 ("TCA") was enacted by Congress "to promote competition and reduce regulation in order to secure lower prices and higher quality services for American telecommunications consumers and encourage the rapid deployment of new telecommunications technologies." Pub. L. No. 104-104, 110 Stat. 56, 56 (1996), codified at 47 U.S.C. § 253. The statute,

> therefore, preempts state and local laws that "have the effect of prohibiting the ability of any entity to provide any interstate or intrastate telecommunications service." 47 U.S.C. § 253(a). However, local governments may "require fair and reasonable compensation from telecommunications providers, on a competitively and neutral nondiscriminatory basis, for use of public rights-of-way . . . if the compensation required is publicly disclosed by such government." 47 U.S.C. § 253(c) . . . . Under Chapter 27 of the City of Santa Fe's ordinances, entities must apply for and obtain a franchise agreement to access a public right of way ("PROW") to construct telecommunications infrastructure. City of Santa Fe Ord. (2016-42, §7); § 27-2.4(A) (as amended Nov. 9, 2016) . . . . An entity that obtains a franchise must pay the City of Santa Fe a 2% infrastructure maintenance fee for all gross charges sought for "telecommunications originating or received in the city." *Id.* § 27-2.5 (as amended Nov. 9, 2016).

Doc. 94 at 1-2.

Plaintiff CNSP, Inc. filed suit in federal court on March 20, 2017 against the City of Santa Fe, alleging three causes of action: (1) violation of the Telecommunications Act; (2) violation of the equal protection clause under the United States and New Mexico Constitutions; and (3) violation of the anti-donation clause of the New Mexico Constitution. Doc. 1. After motions practice, including an appeal to the Tenth Circuit, Plaintiff filed its First Amended Complaint ("FAC") on May 9, 2019. Doc. 71. Plaintiff alleges two causes of action in the FAC against the City of Santa Fe, the mayor, and city council members: (1) violation of the Telecommunications Act Section 253 as to a City 2017 ordinance; and (2) violation of Section 253 as to the preferential treatment of Cybermesa. Doc. 71. Once again, the Court relies on Judge Gonzales' summary of these causes of action to provide context:

> First, Plaintiff alleges that Chapter 27-2 of the City of Santa Fe's Telecommunication Facilities in the Public Rights-of-Way Ordinance, as amended in 2017 (the "2017 Ordinance") violates § 253 of the TCA for the following reasons: (i) the 2% fee does not distinguish between charges for service addresses relating to PROW and addresses not relating to PROW; (ii) the 2% gross charge fee and the $2,500 land use application fee "exceed the level of costs permitted by FCC Order 18-133;" (iii) the "amount of the charges imposed by the 2017 Ordinance is prohibitive for telecommunications providers, or retailers, on whom the charges are imposed;" (iv) "the 2% fee is not imposed in a fair and balanced manner, or nondiscriminatory manner, because certain companies are

exempted from paying the 2% fee;" and (v) "provisions 5, 8, 17, and 19 in the 2017 Ordinance on their own, or in combination, violate 47 U.S.C. § 253(a)." Doc. 71 at ¶¶ 24-28.

Second, Plaintiff alleges the City of Santa Fe has engaged in preferential treatment of Cybermesa, a telecommunications company, in violation of § 253 of the TCA. In support of this claim, Plaintiff alleges the City of Santa Fe allows Cybermesa "to use a fiber line owned by the City for free, and to charge other telecommunications providers a fee for the same use, and retain the charges … ." *Id.* at ¶ 31. Plaintiff alleges that such "preferential treatment of Cybermesa materially inhibits or limits the ability of Plaintiff to compete in a fair and balanced and non-discriminatory legal and regulatory environment, and impedes Plaintiff in the provision of telecommunications services, causing injury to Plaintiff." *Id.* at ¶ 32.

Doc. 94 at 5-6.

In response to the FAC, Defendants filed a motion to dismiss for failure to state a claim, Doc. 76, which the Court denied, Doc. 94. Thereafter, the Court held a scheduling conference and entered a Scheduling Order. Doc. 100. The parties conducted discovery and filed the present motions to compel after the close of discovery. *See* Doc. 105 (amended scheduling order deadlines). The motions are fully briefed and ready for a decision. Docs. 111, 118, 119 (Defendant's motion); Docs. 112, 117, 120 (Plaintiff's motion).

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(1) permits parties to

> obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."

Fed. R. Evid. 401. Discovery relevance is "to be construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any party's claim or defense." *Kennicott v. Sandia Corp.*, 327 F.R.D. 454, 469 (D.N.M. 2018) (internal quotation and citation omitted). And while "relevancy in discovery is broader than that required for admissibility at trial, the object of inquiry must have some evidentiary value" to be discoverable. *Dorato v. Smith*, 163 F. Supp. 3d 837, 865-6 6 (D.N.M. 2015) (quotation marks omitted).

Rule 37(a)(5)(A) mandates that if a motion to compel is granted, the court "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Rule 37 further instructs the court not to order expenses if "the movant filed the motion before attempting in good faith to obtain disclosure or discovery without court action, the opposing party's nondisclosure, response, or objection was substantially justified, or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). Similarly, Rule 37(a)(5)(B) mandates an award of reasonable expenses, including attorney's fees, to the party opposing a motion to compel if the motion is denied, unless the motion was substantially justified or other circumstances make an award of expenses unjust.

## DISCUSSION

**1. Defendant City of Santa Fe's Motion to Compel**

The City's Interrogatory No. 9 and Request for Production No. 5 ask Plaintiff to "state, for each year since 2017, the annual revenue that CNSP has earned as documented by the Combined Reporting System ('CRS') filings reported to the New Mexico Taxation and Revenue Department," and to provide copies of those CRS filings. Doc. 111-2 at 5, 7. The City explains

that there is a specific gross receipt tax that applies to all interstate telecommunications that originate or terminate in the State of New Mexico, and so the CRS filings will show Plaintiff's gross revenue for telecommunications in the state. Doc. 111 at 2. Likewise, the City's Interrogatory No. 10 and Request for Production No. 2 request that Plaintiff "state the number of customers NMSURF has had for each year since 2017," and produce any documents referenced in that answer. Doc. 111-2 at 5, 6.

The City argues this information is relevant because Plaintiff alleges the 2% franchise fee is excessive and "[a]lthough the City requested the amount of the franchise fees the Plaintiff had paid to the City (see Interrogatory 1) and requested the CPA verification of this amount (Interrogatory 2), the City wanted to independently verify the gross receipts of the Plaintiff as they relate to telecommunications services in the City," which can be accomplished by reviewing Plaintiff's CRS filings and Plaintiff's customer count. Doc. 111 at 2. In essence, the City is asking to know the amount of Plaintiff's total revenue from telecommunication services in the City so it can determine what effect, if any, the franchise fees have on Plaintiff's ability to provide those telecommunications services. The higher Plaintiff's total revenue, the City reasons, the less likely the fee is prohibitive under Section 253.

The Court agrees that the amount of franchise fees that Plaintiff has paid, Plaintiff's total revenue subject to the franchise fee, and the number of its customers subject to the franchise are relevant to the issue of prohibitive effect. *See Qwest Corp. v. City of Santa Fe*, 380 F.3d 1258, 1269 (10th Cir. 2004) (holding that the first step in determining whether a local provision is preempted under Section 253 is determining whether the local provision is prohibitive in effect, and the prohibitive effect can be shown through the cost-based fees for registration and lease applications). However, Plaintiff has already provided that information to Defendant. *See* Doc.

118 at 2 (explaining that it has a single customer subject to the 2% fee as defined in the CSNP Franchise). The Court agrees with Plaintiff that its other revenue not subject to the 2% fee and its other customers not subject to the franchise are not relevant to any claim or defense in this case because its other business does not bear on the question of whether the franchise fee has a prohibitive effect on its business subject to the franchise.[1] Accordingly, there is no more relevant information for the Court to order and, as such, it denies Defendant's motion to compel.[2]

2. **Plaintiff's Motion to Compel**

Plaintiff's Interrogatory No. 2 to the City of Santa Fe seeks information on each provider who uses or has used a public right of way ("PROW") in the past two years, including "the legal basis for any exemption for any such Provider that is or claims to be exempt from paying the Revenue Fees." Doc. 112-1 at 3. In response, Defendant stated, in part, "[t]here are no exemptions." *Id.* at 4. However, Plaintiff argues that Defendant has also provided information that two providers, Conterra and Plateau, have not paid the 2% fee. Section 27-2.5(A) imposes on telecommunications retailers a franchise fee of 2% of all gross charges. Plaintiff points to Section 27-2.3(H) which lists exemptions from "gross charge," including "charges for telecommunications and all services and equipment provided to the city." Doc. 112-2. Accordingly, Plaintiff seeks to compel a response from Defendant whether certain

---

[1] The parties spend portions of their briefs discussing whether Plaintiff provides interstate telecommunications subject to the NM tax. Doc. 118 at 2; Doc. 119 at 2-3. Plaintiff argues that the CRS filings will not show any new information because it does not provide interstate telecommunications, which Defendant disputes. Because the Court will not require Plaintiff to produce the CRS reports on other grounds (irrelevance), the Court need not address this issue.

[2] Neither side requested an award of expenses and fees in filing or responding to Defendant's motion to compel. *See* Docs. 111, 118. Even if they had, the Court finds each side should bear their own costs and fees as Defendant's position was substantially justified. *See* Fed. R. Civ. P. 37(a)(5)(B).

telecommunication providers are exempt from the franchise fee under Section 27-2.3(H)'s definition. Defendant, for its part, asserts that Section 27-2.3(H) does not use the term "exempt" and so "the City could not know that the Plaintiff was asking about items exempted from the general definition of 'Gross Charge.'" Doc. 117 at 2. Instead, Defendant asserts that Plaintiff "asked about 'exemptions' from paying revenue fees," to which the City provided an answer. *Id.*

Defendant's point is well taken. That is, Plaintiff's interrogatory is written generally and it is not clear that Plaintiff is asking about exemptions to the definition of "gross charge" including Section 27-2.3(H). That said, Plaintiff's Interrogatory No. 2 references revenue fees under Section 27-2.5(A), and such revenue fees are defined in Section 27-2.3 (to which exemptions listed in Section 27-2-3(H) apply). In any event, the Court finds that Plaintiff's inartful question should not deprive it of possibly relevant information. This is especially true when Defendant makes no argument that the information Plaintiff seeks would be burdensome to produce. Indeed, as Plaintiff explains, there are only six providers at issue in this question and only three are subject to a possible exemption. Accordingly, the Court grants Plaintiff's motion to compel. Within 30 days of the entry of this Order, Defendant shall respond to Plaintiff's Interrogatory No. 2(e) and specifically explain whether any of the providers not paying fees are required to pay fees or are exempt under the definition in Section 27-2.3(H).

Lastly, although the Court grants Plaintiff's motion to compel, because of the unclear wording contained in Plaintiff's interrogatory, the Court finds that Defendant was substantially justified in providing its original answer which necessitated the present motion to compel. The Court therefore denies Plaintiff's request for attorney's fees. *See* Fed. R. Civ. P 37(a)(5)(A)(ii).

**IT IS THEREFORE ORDERED THAT**

- Defendant City of Santa Fe's Motion to Compel (Doc. 111) is DENIED; and

- Plaintiff's Motion to Compel Discovery Responses (Doc. 112) is GRANTED. Within 30 days of the entry of this Order, Defendant shall respond to Plaintiff's Interrogatory No. 2(e) and specifically explain whether any of the providers not paying fees are required to pay fees or are exempt under the definition in 27-2.3(H).

Each side shall bear their own expenses and fees associated with both motions.

_____
**STEVEN C. YARBROUGH**
**United States Magistrate Judge**