IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CNSP, INC. d/b/a NMSURF,

    Plaintiff,

v.                                                          Case No. 17-CV-00355 KG/SCY

ALAN WEBBER,
RENEE VILLAREAL, SIGNE I. LINDELL,
CAROL ROMERO-WIRTH,
CHRIS RIVERA, MICHAEL GARCIA,
LEE GARCIA, JAMIE CASSUT,
AMANDA CHAVEZ,
in their official capacities as mayor
and city councilors of the City of Santa Fe,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff CNSP's Motion to Reconsider (Doc. 141), which asks the Court to reverse its Memorandum Opinion and Order granting summary judgment to Defendants (Doc. 139) and its Final Judgment (Doc. 140). Defendants timely responded. (Doc. 145). The Court finds, given the substance of the Motion and the already-pending appeal, a reply would not aid its adjudication of the issue. Having considered the Rule 59(e) standard and the recent opinion cited by CNSP, and being otherwise fully advised, the Court denies the Motion.

Whether to grant or deny a motion for reconsideration is committed to the court's discretion. *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988). Grounds warranting a motion to alter or amend the judgment pursuant to Rule 59(e) "include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Alpenglow Botanicals, LLC v. United*

1

*States*, 894 F.3d 1187, 1203 (10th Cir. 2018) (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).

CNSP's action hinges on its request that this Court adopt a new standard governing appropriateness of municipal fees charged to internet providers using public rights-of-way. Relying on a recent Federal Communications Commission Order, FCC Order 18-133, CNSP asks the Court to apply a strict prohibition against revenue-based fees. *See generally* (Doc. 129). The Court declined to adopt that standard, reasoning (1) that the FCC Order applied only to 5G wireless internet infrastructure and (2) that the FCC Order was not controlling and did not change this Circuit's binding interpretation of Section 253 of the Telecommunications Act of 1996. (Doc. 139) at 11.

CNSP's Motion to Reconsider argues this Court's rejection of FCC Order 18-133's standard was clear error, relying primarily on a recent district court opinion which came to the opposite conclusion of this Court, *Cellco P'ship v. City of Rochester*, No. 6:19-CV-06583 EAW, 2022 WL 3584476 (W.D.N.Y. Aug. 22, 2022). (Doc. 141) at 3.

The Court is not persuaded that a fellow district court coming to a different conclusion is a sign that this Court made a "clear error" of law. *E.g.*, *United States v. Stevens*, No. 21-85-CR, 2021 WL 3722085 (2d Cir. Aug. 23, 2021) (Unpublished) ("As district courts are not bound by the decisions of other district courts, the district court here committed no error in declining to revisit its prior order.") (citing *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011)). The effect of the 2018 Order is a new issue, and this Court surmises it will be the subject of ongoing litigation. If or when the standard governing right-of-way fees for wired internet service changes, this Court will dutifully apply it. For now, however, the *Rochester* decision does not allow this Court to evade precedent in this Circuit.

Because the Court is persuaded that it properly applied 10th Circuit law as it exists today, and because the cited case does not support the conclusion that this Court clearly erred, it denies the Motion to Reconsider.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE